# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| VAX-IMMUNE, LLC<br><br>*Plaintiff,*<br><br>v.<br><br>THERMO FISHER SCIENTIFIC INC.,<br>THERMO FISHER SCIENTIFIC<br>(ASHEVILLE) LLC, FISHER SCIENTIFIC<br>COMPANY L.L.C.,<br><br>*Defendants.* | CIVIL ACTION NO. 4:24-cv-01599 |

## DEFENDANTS' MOTION TO DISMISS
## <u>PLAINTIFF'S THIRD AMENDED COMPLAINT</u>

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT.................................................................................................. 1

FACTUAL ALLEGATIONS AND BACKGROUND................................................................... 2

I.      Factual Allegations................................................................................................. 2

II.     The Litigation......................................................................................................... 3

ARGUMENT ............................................................................................................................ 6

I.      Legal Standard ....................................................................................................... 6

II.     Vax-Immune's Negligence, Breach of Warranty, and DTPA Claims Are Time
        Barred..................................................................................................................... 6

        A.      *The Statute of Limitations on Plaintiff's Negligence and DTPA Claims
                Expired No Later Than January 6, 2024.* ................................................... 7

        B.      *The Statute of Limitations on Plaintiff's Breach of Warranty Claims
                Expired No Later Than May 2, 2022.* ........................................................ 9

III.    The Third Amended Complaint Fails to State a Claim for Violations of the DTPA
        or Fraud. ............................................................................................................... 11

        A.      *Plaintiff Fails to Plead Violations of the DTPA with Particularity.* ...................... 12

        B.      *Vax-Immune Fails to Plead Fraud with Particularity.*.......................................... 14

IV.     Vax-Immune Has Failed to Raise Any Factual Allegations Regarding Thermo
        Fisher Scientific Inc. ............................................................................................. 16

V.      The Claims Should Be Dismissed with Prejudice. ........................................................... 17

CONCLUSION & PRAYER FOR RELIEF................................................................................ 17

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akhter v. Mooney*,
No. 24-40262, 2025 WL 66353 (5th Cir. Jan. 10, 2025).........................................................7

*Arkoma Basin Expl. Co. v. FMF Assocs. 1990-A, Ltd.*,
249 S.W.3d 380 (Tex. 2008).....................................................................................................7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...................................................................................................................6

*Baker Hughes, Inc. v. Keco R. & D., Inc.*,
12 S.W.3d 1 (Tex. 1999)...........................................................................................................7

*Bayou Bend Towers Council of Co-Owners v. Manhattan Const. Co.*,
866 S.W.2d 740 (Tex. App. 1993), *writ denied* (Apr. 28, 1994)............................................9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)...............................................................................................................5, 6

*Berry v. Indianapolis Life Ins. Co.*,
608 F.Supp.2d 785 (N.D. Tex. 2009) ...............................................................................12, 14

*Bohnsack v. Varco, L.P.*,
668 F.3d 262 (5th Cir. 2012) ..................................................................................................16

*Bridas S.A.P.I.C. v. Gov't of Turkmenistan*,
447 F.3d 411 (5th Cir. 2006) ..................................................................................................17

*Bring v. America's Serv. Co.*,
2017 WL 7794359 (S.D. Tex. Dec. 7, 2017).............................................................................8

*Cuvillier v. Taylor*,
503 F.3d 397 (5th Cir. 2007) ....................................................................................................6

*Elson v. Black*,
56 F.4th 1002 (5th Cir. 2023) ................................................................................................15

*Exxon Corp. v. Emerald Oil & Gas Co., L.C.*,
348 S.W.3d 194 (Tex. 2011)..................................................................................................7, 9

*Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*,
565 F.3d 200 (5th Cir. 2009) ..................................................................................................12

*Franklin v. Apple, Inc.*,
　569 F.Supp. 3d 465 (E.D. Tex. 2021)................................................................13, 14

*United States ex rel. Frey v. Health Mgmt. Sys., Inc.*,
　2023 WL 2563239 (S.D. Tex. Feb. 10, 2023) ...................................................13, 14

*Gregory v. Houston Indep. Sch. Dist.*,
　No. H-14-2768, 2016 WL 5661701 (S.D. Tex. Sept. 30, 2016).............................14

*Haase v. Glazner*,
　62 S.W.3d 795 (Tex. 2001).....................................................................................16

*Haynesville Shale Rentals, LLC v. Total Equip. & Serv., Inc.*,
　No. H-12-0860, 2014 WL 1379884 (S.D. Tex. Apr. 8, 2014).................................11

*Hunton v. Guardian Life Ins. Co. of America*,
　243 F. Supp. 2d 686 (S.D. Tex. 2002) ......................................................................8

*Jones v. Alcoa, Inc.*,
　339 F.3d 359 (5th Cir. 2003) ....................................................................................7

*In re Katrina Canal Breaches Litigation*,
　495 F.3d 191 (5th Cir. 2007) ..................................................................................10

*Lovelace v. Software Spectrum Inc.*,
　78 F.3d 1015 (5th Cir. 1996) ..................................................................................11

*Massie v. Hartford Life and Acc. Co.*,
　2009 WL 2982801 (S.D. Tex. Sept. 11, 2009) .........................................................7

*Neutron Depot, L.L.C. v. Bankrate, Inc.*,
　798 F. App'x 803 (5th Cir. 2020) ...........................................................................17

*Norris v. Hearst Trust*,
　500 F.3d 454 (5th Cir. 2007) ....................................................................................6

*Omni USA, Inc. v. Parker–Hannifin Corp.*,
　798 F.Supp.2d 831 (S.D. Tex. 2011) ................................................................11, 13

*In re Parkcentral Glob. Litig.*,
　884 F.Supp.2d 464 (N.D. Tex. 2012) .....................................................................13

*Price v. Pinnacle Brands*,
　138 F.3d 602 (5th Cir. 1998) ..................................................................................17

*S.V. v. R.V.*,
　933 S.W.2d 1 (Tex. 1996)..........................................................................................7

*Safeway Stores, Inc. v. Certainteed Corp.*,
   710 S.W.2d 544 (Tex. 1986)..................................................................................10, 11

*Schiller v. Physicians Res. Grp. Inc.*,
   342 F.3d 563 (5th Cir. 2003) ......................................................................................17

*St. Johns United Methodist Church v. Delta Elecs., Inc.*,
   2012 WL 3205043 (S.D. Tex. Aug. 3, 2012) ...............................................................10

*TIG Ins. Co. v. Aon Re, Inc.*,
   521 F.3d 351 (5th Cir. 2008) .........................................................................................7

*United States v. Harlingen Med. Ctr.*,
   701 F. Supp. 3d 636 (S.D. Tex. 2023) ........................................................................16

*In re Urcarco Sec. Lit.*,
   148 F.R.D. 561 (N.D. Tex.1993), *aff'd*, *Melder v. Morris*, 27 F.3d 1097
   (5th Cir. 1994)..............................................................................................................12

*Via Net v. TIG Ins. Co.*,
   211 S.W.3d 310 (Tex. 2006).........................................................................................10

*Weidner v. Nationwide Prop. & Cas. Ins. Co.*,
   2014 WL 8397281 (E.D. Tex. June 6, 2014)................................................................13

*Williams v. WMX Techs. Inc.*,
   112 F.3d 175 (5th Cir.1997) ...........................................................................12, 13, 16

**Statutes**

Tex. Bus. & Com. Code. Ann. § 2.725(a) .........................................................................9

Tex. Bus. & Com. Code § 2.316(b) .................................................................................11

Tex. Bus. & Com. Code § 17.45(5) .................................................................................12

Tex. Bus. & Com. Code § 17.46(b) .................................................................................12

Tex. Bus. & Com. Code § 17.50(a) .................................................................................12

Tex. Bus. & Com. Code § 17.565.......................................................................................8

Tex. Civ. Prac. & Rem. Code § 16.003(a) .........................................................................7

Texas Deceptive Trade Practices Act ..................................................................... *passim*

**Other Authorities**

5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1277
(4th ed.) ................................................................................................................................7

Fed. R. Civ. P. 9(b) ..................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6) ................................................................................ *passim*

v

Defendants Thermo Fisher Scientific Inc., Thermo Fisher Scientific (Asheville) LLC ("Thermo Asheville"), and Fisher Scientific Company L.L.C. ("Fisher Scientific") (collectively, "Defendants") move to dismiss Plaintiff's Third Amended Complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), and submit the following in support of their motion.

**PRELIMINARY STATEMENT**

Plaintiff Vax-Immune, LLC ("Plaintiff") alleges that on or about December 24, 2021, its Model TSX60086A freezer (the "Freezer") suffered a "catastrophic mechanical breakdown that caused the refrigeration unit to fail" and the contents to be irreparably damaged. Third Amended Compl., ECF No. 86, ¶ 18 [hereinafter "TAC"]; *see also id.* ¶ 20. More than two years later, Plaintiff filed suit against Thermo Fisher Scientific Inc. and other since-dismissed defendants claiming that their negligence was the cause of the failure, that they had breached warranties, and that they violated the Texas Deceptive Trade Practices Act ("DTPA") in connection with the sale and maintenance of the Freezer. *See* Notice of Removal, Ex. A, ECF No. 1-2. Since then, Plaintiff has amended its complaint three times and now asserts one set of claims against Thermo Fisher Scientific Inc., Thermo Asheville, and Fisher Scientific. *See* First Amended Compl., ECF No. 27; Second Amended Compl., ECF No. 46; TAC.

Put simply, Plaintiff's claims fail as a matter of law. As a threshold matter, Plaintiff's negligence, breach of warranty, and DTPA claims are barred by their respective statutes of limitation. The DTPA and fraud claims also fail to state a claim upon which relief can be granted, as they fall far short of Rule 9(b)'s particularity requirement, rely on impermissible group pleading, and ultimately fail to allege elements of those claims. Finally, the claims against Thermo Fisher Scientific Inc. should be dismissed because a parent corporation is not liable for alleged actions taken by its subsidiaries.

**FACTUAL ALLEGATIONS AND BACKGROUND**[1]

**I.    Factual Allegations**

The Freezer was manufactured by Thermo Asheville on or about April 18, 2018, sold by Fisher Scientific, and shipped to Plaintiff on May 3, 2018.  TAC ¶¶ 8–9.

According to the Third Amended Complaint, on or around December 24, 2021, Plaintiff's Freezer "incurred a catastrophic mechanical breakdown that caused the refrigeration unit to fail." *Id*. ¶ 18.  Plaintiff alleges that it did not discover the failure until January 6, 2022, when its employees returned to the office following Christmas break and discovered that the Freezer was "at or near room temperature."  *Id*.  Plaintiff further alleges that, on the recommendation of Defendants, it rebooted the Freezer, after which the Freezer took two days to complete cooling to −80°C.  *Id.*

The Third Amended Complaint fails to plead any coherent theory of causation between alleged wrongful actions of Defendants and the Freezer's alleged failure.  As an initial matter, the Third Amended Complaint does not allege that the December 24, 2021 mechanical breakdown was caused by a defect known to Defendants before the Freezer was delivered to Plaintiff on May 3, 2018.  Although the Third Amended Complaint alleges that "[i]n April 2018, Defendants knew condenser fan connectors for the model of freezers in question were defective," *id.* ¶ 8, that alleged defect could not have caused the December 24, 2021, mechanical breakdown because the Freezer's condenser fan connector was replaced on July 19, 2018—*i.e.*, after the Freezer was delivered to Plaintiff and more than three years before the mechanical breakdown, *see id.* ¶ 10.  Moreover, while the Third Amended Complaint alleges that the specific issue on the manufacturing line was

---

[1] For purposes of this motion only, Defendants accept the truth of Plaintiff's well-pleaded factual allegations.  Defendants reserve the right, however, to dispute any and all assertions in Plaintiff's Third Amended Complaint at subsequent stages of this litigation.

2

that "condenser fan connectors were being wired incorrectly," TAC ¶ 22, it does <u>not</u> allege anywhere that the condenser fan in the unit at issue was wired incorrectly.  Indeed, the Third Amended Complaint does not even allege that the December 24, 2021, mechanical breakdown was caused by an issue with the *condenser fan*, but rather alleges that the mechanical breakdown was allegedly caused by a separate issue of "the First Stage (or high stage) *compressor* [] suffering 'intermittent failure' and need[ing] to be replaced."  *Id.* ¶ 20 (emphasis added).

## II.    The Litigation

On February 2, 2024, Plaintiff filed its Original Petition ("Original Petition") in the 295th Judicial District Court in Harris County, Texas, against ACE Fire Underwriters Insurance Company ("ACE"), Thermo Fisher Scientific Inc., Unity Lab Services ("Unity"), and Centigrade Scientific Repair ("Centigrade").  ECF No. 1-2.

On April 29, 2024, Thermo Fisher Scientific Inc. and Unity filed their Notice of Removal, removing this case to the United States District Court for the Southern District of Texas, Houston Division.  ECF No. 1.

On May 27, 2025, Plaintiff filed its First Amended Complaint against ACE, Thermo Fisher Scientific Inc., Unity, and Centigrade.  ECF No. 27.  The First Amended Complaint apparently sought to add Thermo Asheville as a party but alleged no specific causes of action against it.  *See id.*  In fact, the First Amended Complaint did not include any new allegations supporting Plaintiff's claims.  *See id.*

On June 10, 2025, Thermo Fisher Scientific Inc. and Unity filed an Answer and Affirmative Defenses to the First Amended Complaint ("Answer").  ECF No. 28.  In the Answer, Thermo Fisher Scientific Inc. and Unity denied the allegations against them as to all counts and pleaded, *inter alia*, affirmative defenses relevant to the instant motion, including, without limitation, and in sum and substance:

¶ 126.  Plaintiff's claims against the Defendants are barred by laches, waiver, estoppel and/or the applicable statutes of limitations.

¶ 130.  Plaintiff's claims are barred by the applicable statute of limitations and by a contractual statute of limitations requiring that the suit be brought within 1 year from the date of accrual.

¶ 135.  Plaintiff's DTPA claims are barred by the applicable statute of limitations which required that the suit be brought within 2 years from the date the act occurred.

¶ 136.  Plaintiff's complaint fails to state a claim based on fraud, deceit, statutory fraud, misrepresentation, suppression, omission, concealment and/or deception as the Defendants did not participate in, authorize, ratify, or benefit from any alleged fraudulent acts asserted in the complaint.

¶ 137.  By way of affirmative defense, the Defendants state that Thermo Fisher Scientific Inc. did not manufacture, design, sell, distribute or otherwise issue a warranty for the Model TSX60086A freezer.

On October 29, 2025, the Court granted the parties' Joint First Motion to Extend Scheduling Order Deadlines One-Hundred and Fifty Days.  ECF No. 44.  As part of their Joint Motion, the parties stipulated to 30 days from allowance of the Joint Motion to amend their pleadings without requiring leave of the court.  ECF No. 41.

On December 2, 2025, Plaintiff filed its Second Amended Complaint.  ECF No. 46.  The Second Amended Complaint named Thermo Asheville as a defendant for the first time and asserted new claims for "common law fraud/fraudulent inducement" and "string along fraud" against Thermo Fisher Scientific Inc. and Thermo Asheville  *Id.* ¶ 63.  In addition, the Second Amended Complaint no longer included allegations against Centigrade.  *Id.*

On January 13, 2026, Thermo Fisher Scientific Inc., Thermo Asheville, and Unity moved to dismiss the Second Amended Complaint.  ECF No.55.  Plaintiff responded by seeking leave to file the Third Amended Complaint, ECF No. 61, which Defendants initially opposed but later consented to, ECF No. 76.

4

On March 18, 2026, Plaintiff filed its Third Amended Complaint. *See* TAC. In its Third Amended Complaint, Plaintiff names Fisher Scientific as a defendant for the first time but no longer alleges claims against ACE or Unity. *Id.*

The Third Amended Complaint now asserts four causes of action against Defendants: (1) negligence, *id.* ¶¶ 26–31; (2) breach of warranty, *id.* ¶¶ 32–37; (3) violations of the DTPA, *id.* ¶¶ 38–47; and (4) fraud, *id.* ¶¶ 48–50. Three of these claims—negligence, breach of warranty, and violations of the DTPA—are barred by their respective statutes of limitation.

In support of its claims, the Third Amended Complaint consists of sixteen paragraphs of "Factual Background," followed by formulaic recitations of the elements of the causes of action. *See id.* ¶¶ 7–22 ("Factual Background"); ¶¶ 23–60 ("Claims Against Defendants"). That is true even though the parties have been in active discovery since July 30, 2024. *See* ECF No. 7. Such threadbare facts do not come close to stating DTPA or fraud claims against Defendants (or any claims at all against Thermo Fisher Scientific Inc.): To adequately plead the "'grounds' of [its] 'entitle[ment] to relief,'" Plaintiff must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And yet, Plaintiff's Third Amended Complaint does exactly that: it fails to allege a single fact to substantiate its claims that Defendants engaged in deceptive or unconscionable acts in violation of the Texas state law or perpetuated fraud against Plaintiff.

ARGUMENT[2]

## I.      Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544 at 570. In other words, a complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Thus, a "complaint must allege more than labels and conclusions." *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (quotation marks and citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Norris*, 500 F.3d at 464 (explaining that "'a formulaic recitation of the elements of a cause of action will not do'" (quoting *Twombly*, 550 U.S. at 570)). Though well-pleaded factual allegations must be accepted as true, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation omitted). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier*, 503 F.3d at 401 (quoting *Twombly*, 550 U.S. at 558).

## II.     Vax-Immune's Negligence, Breach of Warranty, and DTPA Claims Are Time Barred.

As a threshold matter, Plaintiff's claims for negligence, breach of warranty, and violations of the DTPA are all time barred. "A statute of limitations may support dismissal under Rule

---

[2] This Motion is based on defenses asserted in the answer of Thermo Fisher Scientific Inc. to the Original Petition and First Amended Complaint, *see supra* at 3–4, on behalf of newly-named defendants (Thermo Asheville and Fisher Scientific), and/or in response to a newly-asserted cause of action (fraud).

6

12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *see also* 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1277 (4th ed.) ("Many cases hold that a complaint containing dates that show the claim is time-barred can be dismissed on a motion under Rule 12(b)(6)."). Accordingly, "[i]f it is clear from the pleadings that relief is barred by the applicable statute of limitations, a complaint is subject to dismissal for failure to state a claim." *Massie v. Hartford Life and Acc. Co.*, No. H–09–2264, 2009 WL 2982801, at *1 (S.D. Tex. Sept. 11, 2009). Such is the case here.

> A.     *The Statute of Limitations on Plaintiff's Negligence and DTPA Claims Expired No Later Than January 6, 2024.*

In Texas, negligence claims must be brought within two years of the date that the cause of action accrues. Tex. Civ. Prac. & Rem. Code § 16.003(a).[3] A "cause of action generally accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy." *TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 355 (5th Cir. 2008) (citation omitted). That is true even if the plaintiff "does not yet know the specific cause of the injury; the party responsible for it; the full extent of it; or the chances of avoiding it." *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 207 (Tex. 2011) (citations omitted); *see also TIG Ins. Co.* 21 F.3d 351 at 355 (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)) (holding that accrual occurs when "a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred").

---

[3] Texas courts follow the rule that "[s]tatutes of limitations are procedural." *Baker Hughes, Inc. v. Keco R. & D., Inc.*, 12 S.W.3d 1, 4 (Tex. 1999) (citation omitted); *see also Akhter v. Mooney*, No. 24-40262, 2025 WL 66353, at *1 (5th Cir. Jan. 10, 2025) (limitations periods are procedural rules in Texas). Furthermore, Texas courts apply their own procedural law. *See Arkoma Basin Expl. Co. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 387 (Tex. 2008). Therefore, Texas courts would apply Texas's statute of limitations.

Similarly, Texas DTPA claims must be brought "within two years after the date on which the false, misleading, or deceptive act or practice occurred." Tex. Bus. & Com. Code § 17.565. Here, the Third Amended Complaint does not allege any specific false, misleading, or deceptive acts, let alone when such an act occurred. *See infra* Section III; *see also* TAC ¶¶ 38–47. But if it had, the statute of limitations runs "at the time the misrepresentation is made or after the plaintiff discovered or in the exercise of reasonable diligence should have discovered the occurrence of the [unlawful act]." *Hunton v. Guardian Life Ins. Co. of America*, 243 F. Supp. 2d 686, 703 (S.D. Tex. 2002) (quotation marks and citation omitted); *see also Bring v. America's Serv. Co.*, 2017 WL 7794359 at \*2–3 (S.D. Tex. Dec. 7, 2017) (citing to *Hunton* to hold that the plaintiff's fraud, negligent misrepresentation, and DTPA claims were time barred because each claim accrued "when the actionable conduct underlying the cause of action occur[ed]," more than two years before plaintiff brought suit).

Thus, on the face of the Third Amended Complaint, the statute of limitations bars Plaintiff's negligence and DTPA claims. Plaintiff's pleading clearly states that "[o]n or about December 24, 2021, Plaintiff's Freezer, incurred a *catastrophic* mechanical breakdown that caused the refrigeration unit to fail" and that "[t]he failure" was "discovered" on "January 6, 2022." TAC ¶ 18 (emphasis added). Plaintiff further alleges that it then "discovered that the Freezer was at or near room temperature" and "contacted Defendants, immediately," that it then "took approximately two days for the Freezer to reach −80°C," and that repair technicians were sent out within days. *Id.* ¶¶ 18–19. Accordingly, Plaintiff's negligence and DTPA claims accrued no later than once Plaintiff discovered the Freezer failure on January 6, 2022. Plaintiff, however, did not file the Original Petition in state court until February 2, 2024, *i.e.*, one month after the two-year

8

statute of limitations had expired.  ECF No. 1-2.  As such, on their face, the negligence and DTPA claims must fail.

Plaintiff's attempts to invoke the discovery rule and doctrine of fraudulent concealment cannot save these time-barred claims.  TAC ¶¶ 31, 37, 47, 50.  "Under Texas law, it is the discovery of the injury, and not the discovery of all of the elements of a cause of action that starts the running of the clock for limitations purposes."  *Bayou Bend Towers Council of Co-Owners v. Manhattan Const. Co.*, 866 S.W.2d 740, 743 (Tex. App. 1993), *writ denied* (Apr. 28, 1994).  The Third Amended Complaint alleges that Plaintiff discovered the injury—the "catastrophic mechanical breakdown"—on January 6, 2022.  TAC ¶ 18.  That Plaintiff subsequently investigated the specific cause and extent of its injury does not toll the statute of limitations—indeed, "[k]nowledge of injury [1] initiates the accrual of the cause of action and [2] triggers the putative claimant's duty to exercise reasonable diligence to investigate the problem, even if the claimant does not know the specific cause of the injury or the full extent of it."  *Exxon Corp.*, 348 S.W.3d at 209 (emphasis added).

B.    *The Statute of Limitations on Plaintiff's Breach of Warranty Claims Expired No Later Than May 2, 2022.*

Plaintiff asserts a cause of action for breach of "an express and/or implied warranty" against Defendants.  TAC ¶¶ 32–27.  These claims are likewise barred by the statute of limitations.

A four-year statute of limitations applies to breach of warranty claims, except that "[b]y the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it."  Tex. Bus. & Com. Code. Ann. § 2.725(a) (emphasis added).  The statute of limitations for such claims accrues "when tender of delivery is made," "regardless of the aggrieved party's lack of knowledge of the breach,"  unless an express warranty "explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance."

*Id.* § 2.725(b).[4]  Courts construe the "explicitness" exception "narrowly," and "[f]or an express warranty to meet the exception, it must make specific reference to a specific date in the future." *Safeway Stores, Inc. v. Certainteed Corp.*, 710 S.W.2d 544, 548 (Tex. 1986).  "An implied warranty, unlike an express warranty, cannot extend to future performance."  *St. Johns United Methodist Church v. Delta Elecs., Inc.*, 2012 WL 3205043, at *1 (S.D. Tex. Aug. 3, 2012) (citing *Safeway Stores, Inc.*, 710 S.W.2d at 544.).

Plaintiff alleges that Defendants "impliedly and expressly represented the Freezer is free from defects in material and workmanship" through Terms and Conditions of Sale posted on Fisher Scientific's website.  *See* TAC ¶ 9 (citing Plaintiff's Exhibit 4, TFS000071); ECF No. 58-4.[5]  Those Terms warrant "that the Products will operate or perform substantially in conformance with Seller's published specifications and be free from defects in material and workmanship, when subjected to normal, proper and intended usage by properly trained personnel."  *See* Ex. A, at TFS000072.  The Third Amended Complaint does not specifically identify any other warranties purportedly extended by Defendants to Plaintiff.  Nor could it, given that those Terms and Conditions disclaim all other warranties:

> THE OBLIGATIONS CREATED BY THIS WARRANTY STATEMENT TO REPAIR OR REPLACE A DEFECTIVE PRODUCT SHALL BE THE SOLE REMEDY OF BUYER IN THE EVENT OF A DEFECTIVE PRODUCT. EXCEPT AS EXPRESSLY PROVIDED IN THIS WARRANTY STATEMENT,

---

[4] By enacting section 2.725(b), the legislature has specifically rejected application of the discovery rule to breach of warranty claims. *See Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006). Accordingly, Plaintiff's half-hearted attempt to toll the statute of limitations applicable to its breach of warranty claims, *see* TAC ¶ 37, fails.

[5] Plaintiff's Third Amended Complaint refers to the Terms and Conditions of Sale posted on Fisher Scientific's website, the first page of which was appended to Plaintiff's prior pleadings as Exhibit 4.  *See* ECF No. 58-4.  The complete version of Exhibit 4 to the Third Amended Complaint is attached hereto as Exhibit A.  Because "the defendants attach[] the contract[] to their motions to dismiss, the contracts [are] referred to in the complaints, and the contracts are central to the plaintiffs' claims," the Court may properly consider them in the context of this motion.  *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).

SELLER DISCLAIMS ALL OTHER WARRANTIES, WHETHER EXPRESS OR IMPLIED, ORAL OR WRITTEN, WITH RESPECT TO THE PRODUCTS, INCLUDING WITHOUT LIMITATION ALL IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE. SELLER DOES NOT WARRANT THAT THE PRODUCTS ARE ERROR-FREE OR WILL ACCOMPLISH ANY PARTICULAR RESULT.

*Id.* at TFS000073 (emphasis added).[6]

Plaintiff's limited breach of warranty claims fall outside the statute of limitations. The Freezer at issue was delivered on May 3, 2018. *See* TAC ¶ 9. The Third Amended Complaint does not allege express warranties that made a specific reference to a specific date beyond the default four-year statute of limitations. Accordingly, the four-year statute of limitations applies to both the express and implied warranty claims. *See Safeway Stores*, 710 S.W.2d at 546. Both claims began to run from the date of delivery, and thus expired on May 3, 2022, almost two years before this suit was filed on February 2, 2024. *See* ECF No. 1-2 (Original Petition). Thus, the breach of warranty claims fail and should be dismissed.

**III.    The Third Amended Complaint Fails to State a Claim for Violations of the DTPA or Fraud.**

The Third Amended Complaint fails to plead causes of action under the DTPA and for fraud with particularity pursuant to Rule 9(b) and therefore should be dismissed pursuant to Rule 12(b)(6). *See Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996) (explaining

---

[6] Disclaimers of this sort are permissible under Texas law. Specifically, a disclaimer of the implied warranty of merchantability must: (1) be written or oral; (2) mention the word "merchantability"; and (3) if in writing, be conspicuous. *See Haynesville Shale Rentals, LLC v. Total Equip. & Serv., Inc.*, No. H–12–0860, 2014 WL 1379884, at *3 (S.D. Tex. Apr. 8, 2014) (citing Tex. Bus. & Com. Code § 2.316(b)). Disclaimer of the implied warranty of fitness for a particular purpose may be accomplished by general language and does not have to include the word "fitness." *See Omni USA*, 964 F.Supp.2d at 817. Exclusion of the warranty of fitness for a particular purpose must be by a writing and conspicuous. *See* Tex. Bus. & Com. Code § 2.316(b). By the holdings of federal courts applying Texas law, Defendants' disclaimer, attached to Plaintiff's own pleading, legally disavows the obligation Plaintiff is seeking to impose.

that failure to comply with Rule 9(b)'s requirements authorizes the Court to dismiss the pleadings as it would for failure to state a claim under Rule 12(b)(6)).

Rule 9(b) provides, in pertinent part, that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). It is well-established that "[c]laims alleging violations of the DTPA are subject to the requirements of Rule 9(b)." *Berry v. Indianapolis Life Ins. Co.*, 608 F.Supp.2d 785, 800 (N.D. Tex. 2009) (citation omitted). The Fifth Circuit strictly construes Rule 9(b) and requires the plaintiff pleading fraud "to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 206–07 (5th Cir. 2009) (quoting *Williams v. WMX Techs. Inc.*, 112 F.3d 175, 177 (5th Cir.1997)). Further, "general allegations, which lump all defendants together failing to segregate the alleged wrongdoing of one from those of another do not meet the requirements of Rule 9(b)." *In re Urcarco Sec. Lit.*, 148 F.R.D. 561, 569 (N.D. Tex.1993), *aff'd*, *Melder v. Morris*, 27 F.3d 1097 (5th Cir. 1994).

A.      *Plaintiff Fails to Plead Violations of the DTPA with Particularity.*

The Third Amended Complaint asserts a laundry list of violations of the DTPA, "including but not limited to, Sections 17.46(b)(5), (7), (24), and Section 17.50(a)(3) of the Texas Business & Commerce Code." TAC ¶ 38. In asserting that Defendants engaged "in false, misleading, or deceptive acts or practices," the Third Amended Complaint simply restates, with minor alterations, the text of Sections 17.46(b)(5), (7), and (24). The Third Amended Complaint likewise asserts that Defendants engaged in "[a]n unconscionable action or course of action" by reciting the definition of that term in Section 17.45(5) of the Code.

However, to state a valid claim under the DTPA, a plaintiff must show "(1) that [it] is a consumer, (2) that [Thermo Fisher] engaged in false, misleading, or deceptive acts, and (3) that

12

those acts were a producing cause of [Plaintiff's] damages." *Franklin v. Apple, Inc.*, 569 F.Supp. 3d 465, 478 (E.D. Tex. 2021).  In addition, Plaintiff must do so with particularity because claims under the DTPA are subject to the heightened pleading requirements of Rule 9(b).  *See, e.g.*, *Weidner v. Nationwide Prop. & Cas. Ins. Co.*, 2014 WL 8397281, at *5 (E.D. Tex. June 6, 2014); *Omni USA, Inc. v. Parker–Hannifin Corp.*, 798 F.Supp.2d 831, 836 (S.D. Tex. 2011).

Not only are Plaintiff's DTPA claims untimely, but Plaintiff also failed to plead such claims with the requisite particularity.  Although Rule 9(b) requires that a plaintiff plead the "who, what, when, where, and how" of the fraud, *Williams*, 417 F.3d at 453, the Third Amended Complaint does none of those things in connection with its DTPA claims.  Instead, the Third Amended Complaint merely alleges that Defendants "*collectively* engaged in false, misleading, or deceptive acts or practices" and includes formulaic recitations of the elements of the causes of action.  TAC ¶¶ 38–39 (emphasis added); *see also id.* ¶¶ 40–43.  The Third Amended Complaint does not specify who engaged in those acts or practices, what those acts or practices were, when they took place, where they took place, or how those acts or practices were false.  *See* TAC ¶¶ 38–47.

As part of its failure to allege with the appropriate detail, the Third Amended Complaint also relies on impermissible group pleading.  The requirements of Rule 9(b) must be met as to each defendant specifically and individually, and it is "impermissible to make general allegations that lump all defendants together."  *United States ex rel. Frey v. Health Mgmt. Sys., Inc.*, 2023 WL 2563239, at *7 (S.D. Tex. Feb. 10, 2023) (quoting *In re Parkcentral Glob. Litig.*, 884 F.Supp.2d 464, 470–71 (N.D. Tex. 2012)).  But that is exactly what the Third Amended Complaint does, referring to the Defendants throughout the complaint collectively as "Defendants" and failing to distinguish between them for purposes of the allegations or causes of action.  TAC ¶ 1.  These general allegations do not rise to the level of providing particular details of a scheme by each

13

Defendant. *United States ex rel. Frey*, 2023 WL 2563239, at \*7 (holding that a fraud claim fails Rule 9(b) when it fails to distinguish between corporate defendants). In addition to lumping three corporate defendants together, the Third Amended Complaint also fails to "provide even a representative example of an individual involved in the fraudulent scheme." *Gregory v. Houston Indep. Sch. Dist.*, No. CV H-14-2768, 2016 WL 5661701, at \*5 (S.D. Tex. Sept. 30, 2016) (finding that plaintiff failed to satisfy Rule 9(b) on this basis). This lack of specificity falls far short of the requirements of Rule 9(b).

The Eastern District's decision in *Franklin v. Apple, Inc.*, 569 F. Supp. 3d 465 (E.D. Tex. 2021) is instructive. In *Franklin*, a consumer who was allegedly injured when his smart phone battery exploded and caught fire asserted, *inter alia*, claims under the DTPA. *Id.* The plaintiff's claims, like the claims here, were based on the "laundry list violations" contained in §§ 17.46(b) and 17.50(a). *Id.* at 478. The *Franklin* court, in finding that the plaintiff's DTPA claims were subject to Rule 9(b), held that the plaintiff failed to identify the who, when, where, and how of the alleged fraud. *Id.* Moreover, the *Franklin* court rejected the plaintiff's argument that discovery on the claims should proceed, reasoning that, to the extent they existed, any facts relating to DTPA claims necessarily would have been within the plaintiff's knowledge. *Id.* Therefore, the *Franklin* court dismissed the plaintiff's DTPA claims, as this Court should do here.

B.    *Vax-Immune Fails to Plead Fraud with Particularity.*

The Third Amended Complaint largely relies on the same conduct in asserting a cause of action for "common law fraud/fraudulent inducement" and "string along fraud," which fails for the same reasons as Plaintiff's DTPA claim. *See, e.g.*, *Berry*, 608 F. Supp. 2d at 800 (dismissing Plaintiff's DTPA claims under Rule 9(b) for the same reasons its fraud claims were dismissed). As with its DTPA claims, the Third Amended Complaint relies on group pleading to lump together corporate defendants and fails to identify a single individual from any of the Defendants who

14

engaged in fraud.  This is wholly improper as fraud claims must clear the heightened pleading standard under Rule 9(b).  When alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  Indeed, as the Fifth Circuit has explained, plaintiffs alleging fraud "must specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Elson v. Black*, 56 F.4th 1002, 1009 (5th Cir. 2023).

The Third Amended Complaint does not come close to clearing this threshold.  Although the Third Amended Complaint asserts claims for fraud, it includes only two factual allegations unique to that claim:  that there was a "known defect" that was "not communicated to the Plaintiff," TAC ¶ 8, and that "[o]n May 7, 2025, during the deposition of Thermo Fisher's corporate representative, Richard Bair, Plaintiff first became aware Defendants knew of [that] defect prior to the sale of the Freezer," *id.* ¶ 22.  Tellingly, nowhere does the Third Amended Complaint allege that the defect purportedly known prior to sale in May 2018 caused the Freezer to fail in December 2021.  *See supra* at 2–3. [7]  Instead, the Third Amended Complaint merely recites causes of action for fraud, stating that "Plaintiff asserts common law fraud/fraudulent inducement based on Defendants' collective actions" and "Plaintiff asserts string along fraud based on Defendants' collective actions."  TAC ¶¶ 48–49.

This is legally insufficient.  To state a claim for fraud, plaintiff must establish "1) a misstatement or omission; 2) of material fact; 3) made with the intent to defraud; 4) on which the

---

[7] Essentially, Plaintiff's theory is akin to arguing "General Motors knew about issues with their transmissions before they sold us the car" when the case is about an alleged brake failure. Knowledge or concerns relating to part A do not support a claim of fraud relating to part B.

15

plaintiff relied; and 5) which proximately caused the plaintiff's injury." *Williams*, 112 F.3d at 177.[8]

Rule 9(b) requires that the plaintiff allege "the particulars of time, place, and contents of the false

representations," *id.* at 179, as well as the identity of the person making the misrepresentation and

what that person obtained thereby, otherwise referred to as the "who, what, when, where, and how"

of the alleged fraud. *Thompson*, 125 F.3d at 903.  Here, the allegation of a purported admission

not only fails to specify the admission and who made it, but also fails to identify the "who, what,

when, where, and how" of the alleged fraud itself.  In addition, the Third Amended Complaint fails

to even attempt to allege other elements of a claim for fraud, *e.g.*, intent to defraud, reliance by

Plaintiff, and proximate causation.  *See Williams*, 112 F.3d at 177.  With regard to the assertion of

a "string along" fraud scheme, the Third Amended Complaint simply cannot support that assertion

when the only alleged instance of fraud occurred before the delivery of the Freezer.  *See* TAC ¶¶ 8–

9.  For these reasons, Plaintiff's fraud claims must be dismissed.

**IV.    Vax-Immune Has Failed to Raise Any Factual Allegations Regarding Thermo Fisher Scientific Inc.**

Finally, consistent with Plaintiff's reliance on impermissible group pleading, *see supra*

Section V, the Third Amended Complaint has not alleged any specific actions that are directly

attributed to Defendant Thermo Fisher Scientific Inc.  Instead, the pleading alleges actions taken

by Thermo Asheville and Fisher Scientific, wholly-owned subsidiaries of Thermo Fisher Scientific

Inc.  TAC ¶¶ 5–6.  However, a "bedrock principle of corporate law is that a parent corporation is

not liable for actions taken by its subsidiaries." *United States v. Harlingen Med. Ctr.*, 701 F. Supp.

---

[8] "Fraudulent inducement 'is a particular species of fraud that arises only in the context of a contract and requires the existence of a contract as part of its proof.  That is, with a fraudulent inducement claim, the elements of fraud must be established as they relate to an agreement between the parties.'" *Bohnsack v. Varco, L.P.*, 668 F.3d 262, 277 (5th Cir. 2012) (quoting *Haase v. Glazner*, 62 S.W.3d 795, 798–99 (Tex. 2001)).

3d 636, 655 (S.D. Tex. 2023) (quoting *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 447 F.3d 411, 416 (5th Cir. 2006)).  Accordingly, the Third Amended Complaint does not state a claim against Thermo Fisher Scientific Inc. upon which relief can be granted.

## V.     The Claims Should Be Dismissed with Prejudice.

Plaintiff's claims should be dismissed with prejudice.  While leave to amend "is to be freely given, that generous standard is tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

This matter has been pending for more than two years, and discovery has been ongoing for over 20 months.  ECF No. 1-2 (Original Petition filed February 2, 2024); ECF No. 7 (Joint Discovery/Case Management Plan dated July 30, 2024).  Plaintiff has now filed five complaints. ECF No. 1-2 (Original Petition); ECF No. 27 (First Amended Complaint); ECF No. 30 (Second Amended Complaint, withdrawn per ECF No. 35); ECF No. 46 (Second Amended Complaint); ECF No. 86 (Third Amended Complaint).  The claims to be dismissed are barred by their statute of limitations or subject to a heightened pleading standard.  *See supra* Sections II–III.  Plaintiff should not be provided with a <u>sixth</u> bite at the apple.  Indeed, the Fifth Circuit has affirmed dismissal with prejudice when less opportunity has been provided for a plaintiff to articulate its claims.  *See, e.g.*, *Neutron Depot, L.L.C. v. Bankrate, Inc.*, 798 F. App'x 803, 808 (5th Cir. 2020) (affirming refusal to provide "four[th] bite[] at the apple"); *Price v. Pinnacle Brands*, 138 F.3d 602, 607–08 (5th Cir. 1998) (finding that dismissal with prejudice was appropriate when plaintiffs had "had three opportunities to articulate" claims).

## CONCLUSION & PRAYER FOR RELIEF

For the foregoing reasons, Defendants respectfully request that the Court dismiss with prejudice Plaintiff's Third Amended Complaint in its entirety.

Wherefore, Defendants pray that the Court grant their Motion to Dismiss.

Dated: April 10, 2026

Respectfully submitted,

HANSZEN LAPORTE, LLP

*/s/ Kent M. Hanszen*
Kent M. Hanszen (TBN: 00784210)
Anthony L. Laporte (TBN: 00787876)
14201 Memorial Drive
Houston, Texas 77079
Telephone: (713) 522-9444
Fax: (713) 524-2580
Email: khanszen@hanszenlaporte.com
Email: alaporte@hanszenlaporte.com

COVINGTON & BURLING LLP
Kevin B. Collins (*pro hac vice*)
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-5598
Email: kcollins@cov.com

Michael D. Rebuck (*pro hac vice*)
Jamie Dominique U. Magcale (*pro hac vice*)
30 Hudson Yards
New York, NY 10001
Telephone: (212) 841-1000
Email: mrebuck@cov.com
Email: jmagcale@cov.com

*Counsel for Thermo Fisher Scientific Inc., Thermo Fisher Scientific (Asheville) LLC, and Fisher Scientific Company L.L.C.*

18

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all counsel of record via the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure on April 10, 2026.

By:     */s/ Kent M. Hanszen*
        Kent M. Hanszen

19