United States District Court
Southern District of Texas
**ENTERED**
October 07, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VAX-IMMUNE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-01599 |
| | § | |
| THERMO FISHER SCIENTIFIC, INC., *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

## I. INTRODUCTION

Before the Court is the defendants', Thermo Fisher Scientific, Inc., Thermo Scientific (Asheville) LLC, Fisher Scientific LLC, (together "Thermo Fisher"), motion to dismiss the plaintiff's, Vax-Immune, LLC ("Vax") third Amended Complaint [DE 93]. Vax has responded to Thermo Fisher's motion [DE 99], and Thermo Fisher has filed a reply [DE 104].

The Court has before it, the parties' pleadings, the proffered exhibits and the arguments of the parties and on these pleadings, determines that the motion should be granted in part and denied in part.

## II. FACTUAL BACKGROUND

By way of background, the Court notes that the relevant facts are essentially undisputed. On or about April 18, 2018, Thermo Fisher manufactured a Freezer, Model

60086A, that was purchased by and delivered to Vax on or about May 3, 2018, according to the pleadings the Freezer was actually manufactured by Thermo Asheville LLC, also a named defendant. On or about December 24, 2021, Vax alleges that the Freezer suffered a "catastrophic mechanical breakdown that caused the refrigeration unit to fail." According to Vax's pleading, it did not discover the failure until January 6, 2022, when the staff returned to the office after the holiday season. At that time, the Freezer was operating at room temperature.

According to Vax, they reported the failure to Thermo Fisher and received instructions concerning rebooting the Freezer. However, after how to reboot, the Freezer did not return to the previous setting of -80˚C for two days. Vax has not stated what the condition of the Freezer's contents were on January 6, or after the Freezer returned to the designated Freezer temperature setting. As a result of the failure, however, Vax asserts that the contents of that unit were "irreparably damaged". The Freezer contents, "tissue samples collected over a 40-year period and in conjunction with federal grants, were lost. With regard to the alleged damages caused by the Freezer failure, Vax pleads the "discovery rule" and causes of action for fraudulent concealment, breach of warranty, negligence, the Texas Deceptive Trade Act ("DTPA") and, separately, fraud in connection with the sale and maintenance of the Freezer.

## III. THE CONTENTIONS OF THE PARTIES

### *A. Vax's Contentions*

After setting forth the legal standard that applies in a Fed. R. Civ. P. 12(b)(6) argument, Vax asserts the following: (a) Vax's negligence, breach of warranty and DTPA claims are not barred by the applicable Statute of Limitations; (b) the "discovery rule" applies and tolls the accrual date for Vax's cause of action; (c) concerning fraudulent concealment and fraudulent inducement, the discovery rule also applies because Vax did not know and could not have known that there was a failed connection in the harness, which defect led to the shutdown of the compressor; (d) due to the fraud and misrepresentations by the Thermo Fisher entities, revealed in the conduct of multiple individuals hence, all Thermo Fisher entities committed acts of fraud.

### *B. Thermo Fisher's Contentions*

As stated at the outset of this Memorandum, Thermo Fisher seeks dismissal of Vax's lawsuit in its entirety pursuant to Fed. R. Civ. Pro., Rule 12(b)(6). Thermo Fisher asserts as bases for dismissal the following: (a) Vax's negligence, breach of warranty and DTPA claims are barred by the applicable Statute of Limitations; (b) Vax's third Amended Complaint fails to state a claim for violation of the DTPA or fraud; (c) Vax has failed to raise any factual allegations regarding Thermo Fisher Scientific, Inc.'s conduct that gives rise to a cause of action, therefore, that entity should be dismissed; and finally, Thermo Fisher argues that all of Vax's claims should be dismissed with prejudice.

## IV. STANDARD FOR REVIEW OF CLAIM

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of claims or a lawsuit for "failure to state a claim upon which relief can be granted." Under the demanding standards of Rule 12(b)(6), a motion to dismiss, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). Therefore, dismissal is appropriate only if the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court's review may include the allegations in the complaint and any documents attached to a defendant's motion to dismiss, if they are both referred to in the complaint and central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

## V. ANALYSIS AND DISCUSSION

In the Court's view, Vax appears to have asserted sufficient facts to support one or more of its claims. However, the sufficiency of the factual allegations come "into play" only if Vax's claims, one or more or all, are not barred by the Statute of Limitations applicable to each claim. As stated at the factual background section, Vax purchased the Freezer in question on or about May 3, 2018. Vax states that signs that the Freezer had defects began to appear on or about December 2021, when the Freezer, failed to properly hold its designated freezing temperature. However, Vax did not file suit concerning the

2021 failure until February 2, 2024. Hence, more than two but less than four years expired between the alleged initial failure date and when this lawsuit was filed. As well, more than four years expired between the purchase date and the date when Vax filed its lawsuit. With respect to these dates, however, Vax asserts that the discovery rule saves its multiple claims. This Memorandum starts with a discussion of the applicability of the discovery rule.

*A. The Discovery Rule Arguments*

To Thermo Fisher's argument that the "discovery rule" does not save Vax's claims, Vax argues that it does because the Statute of Limitations applicable to its claims because the nature of the injuries that Vax claims, were "inherently undiscoverable". Therefore, the limitations period for its claims must be guided by the accrued date of each claim. Restated, Vax argues that the "accrual" of a cause of action is deferred in cases of fraud or [instances] in which the wrongdoing is fraudulent [conduct] that [is] concealed, and . . . the alleged wrongful act and resulting injury_were inherently undiscoverable at the time they actually occurred but may be objectively verified." As support for the application of the discovery rule and its teachings, Vax cites to several cases in a footnote as follows: *S.V. v. R.V.,* 933 S.W.2d 1, 6 (Tex. 1996); [accord] *Berry v. Berry,* 646 S.W.3d 516, 524 (Tex. 2023); and *Barker v. Eckman*, 213 S.W.3d 306, 312 (Tex. 2006). Vax argues that these cases teach that when an injury is "inherently undiscoverable" due to no fault of the claimant, the accrual date for injury purposes is when the injury is actually discovered.

Thermo Fisher does not dispute the case law authority cited by Vax, but instead, disputes the application of the discovery rule under the facts of this case. The Court agrees. Absent from Vax's argument is the application qualifier requiring that the injury is or was unlikely to be discovered within the prescribed limitations period. 935 S.W.2d at 7. Following its argument to its logical end, Thermo Fisher argues that the facts establish that Vax could have, even if it did not, discover the alleged injury and the accrual of Thermo Fisher's alleged wrongful act or near the date it discovered that the Freezer first showed signs of failure, *i.e.,* January 6, 2022.

In the Court's view, the injury was "objectively verifiable at that time because, the temperature inside the Freezer was at, or near, room temperature on that date. Moreover, Thermo Fisher points to instances prior to January 6, as forewarnings or harbingers of mechanical defects that, at the time, required repairs because of temperature variances. On more than one occasion Vax suffered temperature variances that were unexpected and unusual.

*B. The Statute of Limitations*

The Court is of the opinion that application of the discovery rule does not save all of Vax's causes of action, whether based on misrepresentation and/or fraud. The unassailable facts show that the Freezer required repairs in July 2018. As alleged by Vax, the issues that ultimately discovered that the Freezer's wiring harness and assembly was the cause of the Freezer's inability to maintain the desired "ultralow temperatures", a requirement necessary for the successful storage of sensitive biological materials, which

according to Vax, required temperatures between - 50˚C and - 80˚C in order for the tissue samples to maintain consistency and integrity, particularly for the long term. *See* [Vax – Third Amended Complaint at. Para(s). 8, 1-16, 17, 18]. Vax's pleading defeat, therefore, the basis for the application of the discovery rule because there is no evidence of intentional or fraudulent conduct on the part of Thermo Fisher. It was all simple negligence or carelessness. Vax's pleadings also reveal that repairs to the Freezer were required in May 2021, due to the Freezer's inability to maintain ultralow temperatures.

In light of Vax's pleadings, that reveal knowledge of mechanical defects as early as May 2018, Vax cannot establish that the alleged injury that occurred on or after January 6, 2022, was the result of Thermo Fisher's negligence fraud, actual or induced. There is, however, a basis to apply the discovery rule to Vax's common law negligence claim and its breath of warranty claim.

Whether implied or explicit, Therma Fisher had a duty to properly assemble the Freezer. The evidence is undisputed that Therma Fisher failed to do so. This failure by Therma Fisher may constitute negligence and breach of warranty. Hence, the accrual date for these claims is deferred until the negligent assembly was discovered.

Vax could not have known or by exercising reasonable diligence, discovered the faulty assembly that was at the heart of the alleged injury to its biological materials before January 6, 2022. *See Computer Assocs. Int'l v. Altai, Inc.,* 918 S.W.2d 453, 455 (Tex. 1996).

The Court also Holds that that Vax's claims for common law fraud, known manufacturing defects, negligent service, failure to disclose and violation of the DTPA are barred by the two- and four-year Statutes of Limitations. The two-year Statue of Limitations applies because there is no evidence of a purposeful improper assembly of the Freezer. *See Bring v. America's Service Co.,* 2017 WL 7794559 at 2-3 (SDTx Dec. 2017)). The undisputed facts fail to show intentional or fraudulent conduct. Therefore, Vax's claims for negligence and breach of warranty will go forward.

It is so Ordered.

SIGNED on October 7, 2026, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge